### APPEAL OF GOELLNER FURNITURE CO.

Docket No. 3500.    Submitted October 3, 1925.    Decided November 11, 1925.

*E. C. Gruen, C. P. A.,* for the taxpayer.
*John D. Foley, Esq.,* for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a deficiency of $13,-210.82, income and profits tax for 1917, of which $9,822.12 is in controversy. The taxpayer alleges error by the Commissioner in disallowing the deduction of debts claimed by the taxpayer to have been ascertained to be worthless and charged off in the taxable year and in disallowing additional depreciation or obsolescence of furniture and fixtures installed upon leased premises. No evidence was introduced to substantiate the second alleged error.

### FINDINGS OF FACT.

During 1917 the Goellner Furniture Co. was a New York corporation with its principal office at Buffalo, and was engaged in the sale of furniture, principally upon the installment sales plan. In the regular course of its business the taxpayer during 1917 closed out 364 installment sales accounts upon its books, and in each case, where possible, repossessed itself of the merchandise sold. The total amount due from customers upon such accounts was $34,433.11.

When the goods were repossessed and the accounts closed it was the custom of the taxpayer, in accordance with the laws of the State of New York governing such sales, to offer such goods for resale at auction, except in the case of bedding and other such goods which could not be resold by the taxpayer under the sanitary laws of the State. In those instances in which a surrender of the goods was made voluntarily and no necessity for a sale existed, taxpayer restored such goods to its inventory at a value as appraised by one of its officers and offered such goods for sale as second-hand merchandise at such appraised value. In no case were any returned goods sold for more than such appraised value. In this manner taxpayer realized $3,645.85 from goods returned on said accounts.

As each account was closed out taxpayer removed the loose-leaf ledger sheet containing such account from its customers' ledger and placed such sheets in storage. Before such account was closed out and removed from the ledger an officer of the taxpayer conducted a personal examination of the circumstances surrounding the customer and satisfied himself that they were worthless. On December 31, 1917, taxpayer wrote off on its general ledger as uncollectible $40,092.82, which was 25 per cent of the installment sales accounts receivable standing on its books on that date.

The gross income of taxpayer from sales in 1917 was approximately $100,000.

The taxpayer's books of account were kept and its returns were made on the accrual basis.

DECISION.

The deficiency should be computed by allowing $30,787.26 as a deduction for debts ascertained to be worthless and charged off during the taxable year. Final determination will be settled on consent or on 10 days' notice, under Rule 50.